UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**UNITED STATES OF AMERICA,**

  *Plaintiff*,

v.                                                  Case No.  SA-23-CR-00238-JKP

**(1) ASHLEY TANYA GARCIA,**

  *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Ashley Tanya Garcia's Motion to Dismiss the Indictment. *See* ECF No. 34. The Government filed a response and Garcia filed a reply. *See* ECF Nos. 35, 36. After due consideration of the parties' briefings, legal arguments, and the applicable law, the Court **DENIES** the motion. *See* ECF No. 34.

### BACKGROUND

Defendant Ashley Tanya Garcia is charged with one Count of Cyberstalking, in violation of 18 U.S.C. § 2261A(2), and one Count of Identity Theft, in violation of 18 U.S.C. § 1028(a)(7). *See* ECF No. 12. The U.S. Government alleges that, between December 2020 and November 2022, Garcia registered 18 website domains, all variations on the victim's name and the terms which relate to the victim's employment and his alma mater. *See* Gov't Exhibit 1 (FBI GJ Serial 2, Report of Google Subpoena Returns). Garcia is alleged to have posted "blog entries" at these domains, and numerous other domains, relating to the victim. In total, the Government alleges Garcia posted over 750 blog entries just on the domains that used the victim's name. *See* Gov't Exhibit 2. As of the time of the Government's filing of its response brief, a Google search for the

victim's name returned websites owned and operated by Garcia, referring to the victim. *See* Gov't Exhibit 3.

According to the Government, on or about March 28, 2020, Garcia sent an email to the victim's employers entitled, "[C.K.] posts pictures of his penis and masturbates for people on Reddit….." *See* Gov't Exhibit 4. Garcia allegedly told the victim her intent was to "ruin your fucking life." *See* Gov't Exhibit 5. She also allegedly stated she hoped his employer "has a morality clause," implying that she hoped he would lose his job, "[a]nd that everyone in finance hears about your firing. You'll never work again lol." *See* Gov't Exhibit 6. Her animus was allegedly expressed in another message to the victim in which she stated she hoped he would "rot in hell you piece of shit." *See* Gov't Exhibit 7. Garcia is also accused of creating several social media accounts using the victim's name and picture, including on Facebook, Instagram and Twitter accounts. *See* Gov't Exhibit 8.

Garcia brings the instant motion arguing the Court should dismiss the indictment because, as to Count 1, § 2261A(2) is unconstitutional both facially and as applied to Garcia and, as to Count 2, the Government failed to state a viable § 1028(a)(7) offense against Garcia and, in the alternative, § 1028(a)(7) is unconstitutional as applied to Garcia. For the reasons discussed herein, the Court disagrees.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12 provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(1). If a pretrial motion presents a question of law in a case involving undisputed facts, Rule 12 authorizes the court to rule on the motion. *United States v. Flores*, 404 F.3d 320, 325 (5th Cir. 2005); *see* Fed. R. Crim. P. 12(d) (permitting the court to rule

on a motion involving factual issues provided the court states its essential findings on the record); *see also, United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994) ("a pretrial dismissal is essentially a determination that, as a matter of law, the government is incapable of proving its case beyond a reasonable doubt."). Otherwise, the court would waste resources by allowing a case to proceed to trial and later dismissing it based on the same legal argument and facts presented through a pretrial motion. *See Flores*, 404 F.3d at 325.

## DISCUSSION

### I. Count 1: Cyberstalking under § 2261A(2)

Count 1 charges Garcia with cyberstalking under 18 U.S.C. § 2261A(2). Garcia offers four reasons why the Court should dismiss this count: (1) the statute is facially unconstitutional under the First Amendment; (2) the Fifth Circuit narrowed the statute's application to "true threats" in *United States v. Conlan* and Garcia's alleged statements do not constitute true threats; (3) the statute is void for vagueness; and (4) the Government has failed to state a cognizable offense. The Court considers each of these arguments, in turn, below.

#### A. First Amendment Facial Challenge

Garcia argues § 2261A(2) is facially unconstitutional because it criminalizes First Amendment protected speech. The First Amendment provides, in relevant part, "Congress shall make no law … abridging the freedom of speech…." U.S. Const. Amend. I. "[A]s a general matter, the First Amendment means the government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *United States v. Stevens*, 559 U.S. 460, 468 (2010). This broad pronouncement is subject to certain exceptions, including for incitement, obscenity, defamation, fighting words, child pornography, speech integral to criminal conduct, and true threats. *United States v. Alvarez*, 567 U.S. 709, 717 (2012). Courts determine whether a

statute is unconstitutional under the First Amendment by assessing whether its text prohibits speech that is afforded First Amendment protection. *United States v. Williams*, 553 U.S. 285, 293 (2008). The cyberstalking statute under which Garcia is charged provides:

> Whoever—
> (1) travels in interstate or foreign commerce or is present within the special maritime and territorial jurisdiction of the United States, or enters or leaves Indian country, with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, and in the course of, or as a result of, such travel or presence engages in conduct that—
>   (A) places that person in reasonable fear of the death of, or serious bodily injury to—
>     (i) that person;
>     (ii) an immediate family member (as defined in section 115) of that person;
>     (iii) a spouse or intimate partner of that person; or
>     (iv) the pet, service animal, emotional support animal, or horse of that person; or
>   (B) causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person described in clause (i), (ii), or (iii) of subparagraph (A); or
> (2) with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that—
>   (A) places that person in reasonable fear of the death of or serious bodily injury to a person, a pet, a service animal, an emotional support animal, or a horse described in clause (i), (ii), (iii), or (iv) of paragraph (1)(A); or
>   (B) causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person described in clause (i), (ii), or (iii) of paragraph (1)(A),
>
> shall be punished as provided in section 2261(b) or section 2261B, as the case may be.

18 U.S.C. § 2261A. Specifically, the indictment charges Garcia, under § 2261A(2) with "intent to harass, intimidate and place under surveillance with intent to harass and intimidate another

4

person, namely C.K., us[ing] an interactive computer service, electronic communication system of interstate commerce, and other facility of interstate and foreign commerce to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to C.K." *See* ECF No. 12 at 1.

The prohibited act in the statute is "conduct." Specifically, the cyberstalking statute criminalizes, in relevant part, "conduct" that "causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress." 18 U.S.C. § 2261A(2)(B). Such conduct may include both speech and nonspeech elements. For example, the complaint in this case alleges Garcia sent emails with embarrassing information about the victim to the victim's supervisors, intending to "ruin [the victim's] fucking life." *See* ECF No. 3 at 3 ¶ 5. The complaint further alleges Garcia obtained internet domains with the victim's name and authored posts on those domains containing injurious and harassing information about the victim, in an attempt harm his reputation with potential employers who searched his name online. *Id*. at 3 ¶ 6. Garcia's alleged statements—the content of the emails and the internet posts—are speech. However, the act of sending emails to the victim's employer is not speech. Nor is the act of collecting internet domains with the victim's name and attempting to damage his reputation with potential employers. The Supreme Court has indicated that "when 'speech' and 'nonspeech' elements are combined in the same course of conduct, a sufficiently important governmental interest in regulating the nonspeech element can justify incidental limitations on First Amendment freedoms." *United States v. O'Brien*, 391 U.S. 367, 376–77 (1968). By its plain text, § 2261A criminalizes a course of "conduct" that causes substantial emotional distress to the victim. The prohibited act is tethered to the underlying criminal conduct, not the speech. Such conduct is not

afforded First Amendment protection even though it includes both speech and nonspeech elements.

In urging the Court to find the cyberstalking statute facially unconstitutional, Garcia cites extensively from a Third Circuit opinion which assessed a similar First Amendment challenge; however, that opinion expressly rejected the challenger's First Amendment argument. *See United States v. Yung*, 37 F.4th 70, 75–76 (3d Cir. 2022). The Third Circuit, noting that invalidating a law as overbroad is "strong medicine" that courts use "sparingly," concluded, "[b]ecause we can avoid reading this statute as overbroad, we will." *Id*. at. 76. The Eight Circuit similarly employed constitutional avoidance and "decline[d] to use the strong medicine of overbreadth to invalidate the entire statute." *United States v. Petrovic*, 701 F.3d 849, 856 (8th Cir. 2012).[1] The Ninth Circuit reached the same result. *See United States v. Osinger*, 753 F.3d 939, 944 (9th Cir. 2014). Neither party cites Fifth Circuit authority addressing the constitutionality of § 2261A under the First Amendment and this Court finds none.[2] In the absence of such authority, the Court relies on the sound reasoning in persuasive authority finding § 2261A is constitutional.

The Court therefore finds, consistent with other courts which have examined the question, § 2261A is not facially invalid under the First Amendment because it proscribes harassing and intimidating conduct, not speech. *See United States v. Yung*, 37 F.4th at 75–76; *United States v. Osinger*, 753 F.3d at 944; *United States v. Petrovic*, 701 F.3d at 856.

---

[1] Garcia cites the Eighth Circuit's *Sryniawski* opinion for the premise that § 2261A is unconstitutional under the First Amendment; however, the case at bar is factually distinguishable from *Sryniawski* because the speech at issue in that case was political speech targeting a public official. *United States v. Sryniawski*, 48 F.4th 583, 587 (8th Cir. 2022). Neither side argues the victim in this case was a public official. Furthermore, the Eighth Circuit adopted the *Sryniawski* defendant's "as applied" challenge but did not find the statute to be overbroad. *Id*.

[2] Garcia cites a Northern District of Mississippi decision finding § 2261A invokes the First Amendment because it reaches speech. *See United States v. Cook*, 472 F.Supp.3d 326. That decision is distinguishable from the instant case because the acts in question in *Cook* were only speech related. *Id*. at 332. The district court found the defendant was "prosecuted solely on the content of his public posts—not the act of posting." *Id*. (emphasis in original).

### B. Effect of *Conlan* Opinion

Garcia further suggests the Fifth Circuit has read § 2261A narrowly to prohibit true threats of death or physical harm. Specifically, Garcia cites *United States v. Conlan* for the premise that only "true threats" give rise to a § 2261A offense. 786 F.3d 380 (5th Cir. 2015). This is a misreading of the opinion. The *Conlan* court noted that "[t]o violate the statute one must both intend to cause victims serious harm and in fact cause a reasonable fear of death or serious bodily injury." *Id*. at 386. In this passage, the *Conlan* court speaks to the "intent and effect" elements of the cyberstalking statute, distinguishing the statute from caselaw on intent alone. *Id*. The *Conlan* court's discussion is unrelated to the "true threats" analysis courts employ to assess whether violent speech is constitutionally protected. The *Conlan* court references "death or serious bodily injury" because that was the threat at issue in the *Conlan* case. The part of the statute under which Garcia is charged, subparagraph 2261A(2)(B), criminalizes conduct causing "substantial emotional distress" in the victim. Nothing in the *Conlan* decision calls into question the constitutionality of subparagraph (2)(B)—nor any part of the statute for that matter. To the contrary, the Fifth Circuit in *Conlan* found § 2261A passes constitutional muster under the First Amendment. This Court finds no reason to disturb that finding.

### C. Void for Vagueness

Garcia further argues the cyberstalking statute is void for vagueness because she had no clear notice that it barred her conduct at the time she engaged in that conduct. Here again, Garcia's argument is foreclosed by the Fifth Circuit's *Conlan* opinion. A penal statute is unconstitutionally vague "if the conduct it prohibits is not clearly defined." *United States v. Conlan*, 786 F.3d at 385 (citing *United States v. Howard*, 766 F.3d 414, 428 (5th Cir. 2014)). "To satisfy constitutional due process, 'a penal statute [must] define the criminal offense (1) with

sufficient definiteness that ordinary people can understand what conduct is prohibited and (2) in a manner that does not encourage arbitrary and discriminatory enforcement.'" *Id*. The Fifth Circuit has held, "[a]s every court of appeals to consider the question has held, § 2261A satisfies both of those requirements." *Id*. The *Conlan* court found Congress did not have to define the statute's terms because they are "readily understandable by most people." *Id*. at 386. Furthermore, it found the statute's scienter requirement "narrows its scope and mitigates arbitrary enforcement." *Id*. This Court, therefore, rejects Garcia's "void for vagueness" argument.

      **D.**    **Failure to State an Offense**

Finally, Garcia argues, if the Court finds § 2261A is constitutional, the indictment fails to state a cognizable offense. An indictment sufficiently alleges an offense when it "contains the elements of the offense intended to be charged, sufficiently apprises a defendant of what he must be prepared to meet, and is detailed enough to assure against double jeopardy." *United States v. Miller*, 491 F.2d 638, 649 (5th Cir. 1974). In the Fifth Circuit, "'[t]he propriety of granting a motion to dismiss an indictment under [Fed. R.Crim. P.] 12 by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact.'" *United States v. Korn*, 557 F.2d 1089, 1090 (5th Cir. 1977) (quoting *United States v. Miller*, 491 F.2d at 647). "If a question of law is involved, then consideration of the motion is generally proper." *Id*. A district court may, however, "make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motions so long as the court's findings on the motion do not invade the province of the ultimate finder of fact." *United States v. Flores*, 404 F.3d 320, 324 n.6 (5th Cir. 2005).

In this case, Garcia does not challenge the sufficiency of the indictment, but rather rehashes legal arguments supporting her constitutional challenge to the cyberstalking statute. Because the Court has rejected Garcia's constitutional challenges to § 2261A, it similarly rejects her challenge to the sufficiency of the indictment. The Court finds the Government sufficiently alleged Garcia violated § 2261A. Whether the record supports a guilty verdict is a question of fact for the jury.

## II.     Count 2: Identity Theft under § 1028(a)(7)

Count 2 charges Garcia with identity theft under 18 U.S.C § 1028(a)(7). Garcia's challenge to the identity theft charge largely relies on her argument, which the Court rejected, that she cannot be charged under the cyberstalking statute. The Government alleges that, in the course of cyberstalking the victim, Garcia created fake websites and social media profiles in the victim's name, in violation of § 1028(a)(7). *See* ECF No. 3 at 3–5, ¶¶ 7–10. Garcia argues she cannot be charged with identity theft based on these facts if the Court dismisses her cyberstalking charge. That argument is unavailing, however, because the Court rejected Garcia's challenge to the cyberstalking statute.

Garcia further argues the Government failed to state a viable § 1028(a)(7) offense against her because the Government does not allege she "impersonated" the victim. To support this argument, Garcia cites out-of-circuit authority interpreting a different statute—§ 1028A—for the premise that § 1028(a)(7) only applies to defendants who impersonate the victim or otherwise fraudulently purport to obtain a benefit for the victim. *See e.g., United States v. Berroa*, 856 F.3d 141, 156 (1st Cir. 2017). Here again, Garcia misconstrues the caselaw. The Supreme Court has distinguished § 1028A from § 1028, noting the latter statute—the statute under which Garcia is charged—is broader. *See Dubin v. United States*, 599 U.S. 110, 121 (2023). "Congress separated

9

the identity fraud crime [in § 1028] from the identity theft crime in § 1028A suggest[ing] that § 1028A is focused on identity theft specifically, rather than all fraud involving means of identification." *Id*. Given the Supreme Court's clear pronouncement that § 1028A is intentionally more narrowly targeted than § 1028, this Court declines to apply caselaw interpreting the meaning of "impersonation" in § 1028A to its analysis of § 1028. The statutes criminalize different types of conduct. The Court further notes, as the Government suggests, any factual dispute as to whether Garcia impersonated the victim online is a question of fact for the ultimate factfinder.

Garcia finally argues the statute is void for vagueness as applied to her, because she had no clear notice that her conduct was prohibited by the statute at the time she engaged in that conduct. Specifically, she argues the unique circumstances of her case made her unaware that her actions were criminal. As the Government notes, however, this is not the test for whether a statute is impermissibly vague. The test is whether the statute defines the offense "(1) with sufficient definiteness that ordinary people can understand what conduct is prohibited and (2) in a manner that does not encourage arbitrary and discriminatory enforcement." *United States v. Conlan*, 786 F.3d at 385. In this case, Garcia is charged under paragraph (a)(7), which makes it a crime when a person "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law." 18 U.S.C § 1028(a)(7). As with the cyberstalking statute, this statute uses readily understandable language that would put an ordinary person on notice of the prohibited conduct. The meaning of the terms "transfer," "possess," and "use" are all common knowledge, as are the terms "identification of another person" and "unlawful

activity." Furthermore, the requirement that the unlawful activity constitutes a violation of Federal law or a felony under State or local law sufficiently discourages arbitrary or discriminatory enforcement. The Court, therefore, finds the statute is not impermissibly vague and rejects Garcia's "void for vagueness" argument as to this count.

## CONCLUSION

For the reasons discussed, the Court **DENIES** Defendant Ashley Tanya Garcia's Motion to Dismiss the Indictment. *See* ECF No. 34.

It is so ORDERED.
SIGNED this 12th day of January, 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE